IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENT M. LARSON, | ) | |
| | ) | |
| Plaintiff, | ) | 4:12CV3010 |
| | ) | |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | MEMORANDUM AND ORDER ON |
| Commissioner of the Social Security | ) | PLAINTIFF'S APPLICATION FOR |
| Administration, | ) | ATTORNEY FEES UNDER THE |
| | ) | EQUAL ACCESS TO JUSTICE ACT |
| Defendants. | ) | |
| | ) | |
| | ) | |

On April 8, 2013, the plaintiff, Kent M. Larson, filed an application for attorney fees under section 204(d) of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  (See ECF No. 25.)  Larson requests a fee award in the amount of $5,695.52, based on 31.05 hours of work at rates ranging between $180.50 and $185.63 per hour.  (See Pl.'s Br. at 4 & Exs. A, C-D, ECF Nos. 26, 26-1, 26-3, 26-4.)  The defendant[1] does not object to Larson's request.  (Def.'s Response at 1, ECF No. 28.)

The EAJA authorizes an award of "fees and other expenses" to a "prevailing party" in a case against the United States, "unless the court finds that the position of

---

[1] Carolyn W. Colvin has been appointed to serve as Acting Commissioner of the Social Security Administration, (see ECF No. 23), and in accordance with Federal Rule of Civil Procedure 25(d), she is "automatically substituted as a party" in place of Michael J. Astrue.

1

the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  I find that Larson is a "prevailing party" within the meaning of the EAJA; that the defendant's position was not "substantially justified"; that there are no special circumstances that make an award unjust; that Larson's counsel's devotion of 31.05 hours of work to this case was reasonable; and that counsel's hourly rates, which are supported by uncontested evidence of an increase in the cost of living since March 1996, are reasonable.  See 28 U.S.C. § 2412(d)(2)(A)(ii); Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir. 1990) ("We hold that where, as here, an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the amount specified in the EAJA], enhanced fees should be awarded.").  (See also Pl.'s Br., Exs. A-D, ECF No. 26-1 to 26-4.)   Larson's request for attorney fees in the amount of $5,695.52 is granted.  In accordance with Astrue v. Ratliff, 130 S. Ct. 2521, 2524 (2010), this "award is payable to the litigant."

    **IT IS ORDERED** that the plaintiff's application for attorney fees under the Equal Access to Justice Act, ECF No. 25, is granted, and the plaintiff is awarded attorney's fees in the amount of $5695.52.  This amount is to be paid directly to the plaintiff by the Social Security Administration.

    Dated April 23, 2013.

                      BY THE COURT

                        _____

                        Warren K. Urbom
                        United States Senior District Judge